UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBERT CURRY, | ) Case No. 3:17CV1441 |
| | ) |
| Petitioner | ) |
| | ) JUDGE JEFFREY HELMICK |
| v. | ) MAGISTRATE JUDGE DAVID A. RUIZ |
| | ) |
| CHARLOTTE JENKINS, | ) |
| Warden, | ) |
| | ) |
| Respondent. | ) REPORT AND RECOMMENDATION |

Petitioner Robert Curry ("Curry" or "petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is before the undersigned magistrate judge pursuant to Local Rule 72.2(b)(2). Petitioner is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to his 2014 convictions for rape and robbery and the journal entry of sentence in the Allen County (Ohio) Court of Common Pleas case *State of Ohio v. Curry*, Case No. CR2014-0047 (Allen County Dec. 22, 2014). (R. 4, petition, PageID #: 50; R. 9, RX 6, PageID #: 119-124.)

Curry's petition raises a single ground for relief, verbatim: "Whether a complete failure of full discovery denied petitioner a fair trial and prevented petitioner of control questioning of polygraph examination." (R. 4, § 12, PageID #: 54.) Respondent has filed an Answer/Return of Writ (R. 9), and the petitioner has filed a Traverse (R. 10). For the following reasons, the magistrate judge recommends that the petition be denied.

1

I. FACTUAL AND PROCEDURAL BACKGROUND

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, factual determinations made by state courts are presumed correct. 28 U.S.C. § 2254(e)(1); *see also Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012) ("State-court factual findings are presumed correct unless rebutted by clear and convincing evidence.") The state court of appeals provided the following factual and procedural background:

> Curry was indicted on March 13, 2014, for one count of Rape in violation of R.C. 2907.02(A)(2), a felony of the first degree, and one count of Robbery in violation of R.C. 2911.02(A)(2), a felony of the second degree. The indictment alleged that both crimes occurred on October 25, 2012. In addition, both crimes were alleged to have been perpetrated against the same victim. Curry pled not guilty to the charges.
>
> On May 1, 2014, Curry and the State of Ohio entered into an "Entry of Stipulation of Use of Polygraph Test" wherein Curry agreed to take a polygraph test. The agreement indicated that Curry would take a polygraph examination performed by "a qualified examiner employed by the Ohio Bureau of Criminal Investigation." As to the contents of the agreement, the agreement stated that if it was determined that Curry was not being deceptive throughout the examination, the State would dismiss the Rape charge against Curry with prejudice; however, the agreement stated that if Curry was being deceptive in the examination the results could be offered and received as evidence at trial without objection by either party. The agreement contained an exception that stated if the results were inconclusive the examination would not be the subject of any testimony whatsoever. The agreement was signed by Curry, his attorney, and the prosecuting attorney.
>
> On October 16, 2014, Curry waived his right to a jury trial and elected to have a bench trial.
>
> On October 27-28, 2014, the case proceeded to a bench trial. At trial the State called six witnesses which included the victim's manager at Wal–Mart who found the victim crying in an aisle on the date of the alleged incident, the victim, the victim's daughter, the Sexual Assault Nurse Examiner ("SANE"), the polygraph examiner, and the detective who investigated the case. The State also introduced a number of exhibits into evidence including the Rape Kit, the lab results from BCI, and photographs of bruises to the victim's shoulder and her left inner thigh taken on the night of the alleged incident. After the State presented the testimony of its witnesses and entered its exhibits into evidence the State rested its case. At

> that time Curry made a Crim.R. 29 motion for acquittal, which was overruled, and then he proceeded to his case-in-chief. Curry testified on his own behalf, and then he rested his case. The State presented one rebuttal witness, recalling the detective who investigated the case, and then rested.
>
> Following closing arguments, the trial court recessed to consider the matter. When court reconvened, the trial court announced its decision. The trial court briefly discussed the evidence presented, finding the victim's testimony credible and specifically finding Curry's testimony not credible. The trial court then found Curry guilty of both the Rape and Robbery charges.
>
> On November 3, 2014, the trial court filed a judgment entry memorializing its finding of guilt on both the Rape and the Robbery charges.

(R. 9-1, RX 11, PageID #: 198-200; *State v. Curry*, No. 1-15-05, 60 N.E.3d 840, 843-844 (Ohio Ct. App. Mar. 7, 2016), internal citations omitted.)

### A. Direct Appeal

On direct appeal, Curry raised three assignments of error:

> 1. The Defendant was denied effective assistance of counsel where counsel consented and advised Defendant to stipulate to a polygraph examination which made it possible for the State of Ohio to introduce otherwise inadmissible evidence in its case against the Defendant thereby violating the Defendant's statutory and constitutional rights under the Sixth and Fourteenth Amendments to the United States Constitution and Article 1, Section 10 of the Ohio Constitution.
>
> 2. The trial court committed error prejudicial to Defendant-Appellant in allowing the State of Ohio to elicit testimony from the alleged victim that she had been offered an opportunity to have the case dismissed. Such testimony being improper witness bolstering and introducing evidence which the defense could not cross examine and amounting to prosecutorial misconduct.
>
> 3. The convictions are against the manifest weight of the evidence and the convictions are based on insufficient evidence.

(R. 91, RX 9, PageID #: 137.) On March 7, 2016, the court of appeals affirmed the judgment of the trial court. (R. 9-1, RX 11, PageID #: 233; *Curry*, 60 N.E.3d at 858.)

3

Curry then filed an appeal with the Supreme Court of Ohio on April 18, 2016, setting forth the following proposition of law:

> A defendant is denied effective assistance of counsel where counsel consents and advises a criminal defendant to stipulate to a polygraph examination thereby making it possible for the State of Ohio to introduce otherwise inadmissible evidence in its case-in-chief against a criminal defendant and that such conduct violates a criminal defendant's statutory and Constitutional Rights under the Sixth and Fourteenth Amendments to the United States Constitution and Article 1, Section 10 of the Ohio Constitution.

(R. 9, RX 13, PageID #: 237.) The state high court declined to accept jurisdiction of the appeal on July 27, 2016. (R. 9, RX 14; *State v. Curry*, 146 Ohio St.3d 1470, 54 N.E.3d 1269 (2016).)

### B. Petition for Post-Conviction Relief

Curry filed a petition for post-conviction relief pursuant to Ohio Rev. Code § 2953.21, on August 15, 2016. (R. 9, RX 17.) His petition was based on two claims:

> 1. Defendant was denied due process, by the State's failure to full disclose [sic], in violation [of] Cr.R. 16. State failed to provide all questions regarding the results of polygraph.
>
> 2. Ineffective assistance of trial counsel in violation of Sixth Amendment of U.S. Constitution, for failure to properly prepare for trial. Counsel did not properly investigate defense and was not prepared to cross examine state witnesses or identify lies and inconsistencies and had limited contact with defendant to allow participation in defense.

(R. 9, RX 17, PageID #: 256-257.) The trial court denied the petition as untimely and barred by the doctrine of res judicata. (R. 9, RX 19.) Curry failed to file a timely appeal of this ruling.

However, on October 17, 2016, Curry filed a motion for leave to file a delayed appeal. (R. 9, RX 21.) The state court of appeals overruled his motion, finding that Ohio App. Rule 5 does not apply when the untimely appeal is taken from a post-conviction proceeding. (R. 9, RX 22.)

4

II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus.  Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim that was adjudicated on the merits by a state court.  The Supreme Court, in *Williams v. Taylor*, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States."  Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-413 (2002).  *See also Lorraine v. Coyle*, 291 F.3d 416, 421-422 (6th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases."  *Williams*, 529 U.S. at 405.  *See also Price v. Vincent*, 538 U.S. 634, 640 (2003).  A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect.  Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law.  *Williams*, 529 U.S. at 410-12; *Lorraine*, 291 F.3d at 422.

Curry has filed his petition *pro se*. The pleadings drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001) (citing *Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam)). No other special treatment is afforded litigants who proceed *pro se*. *McNeil v. United States*, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991); *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988).

### III. PROCEDURAL DEFAULT

The respondent contends that Curry has procedurally defaulted the only claim in his petition for writ of habeas corpus by not raising that claim before the Supreme Court of Ohio. (R. 9, PageID #: 99-102.)

A habeas claim may be procedurally defaulted in two distinct ways. First, by failing to comply with state procedural rules. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)). Second, by failing to raise a claim in state court and not pursuing the claim through the state's ordinary review process. *Williams*, 460 F.3d at 806 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)). The respondent argues that Curry's did not properly exhaust his claim in state court.

### A. Direct Appeal

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001) (citing *Coleman v. Mitchell*, 244 F.3d 533, 538 (6th Cir.), *cert. denied*, 534 U.S. 977 (2001)). To satisfy the exhaustion requirement, a habeas petitioner "must give the

6

state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (citing *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990)). Where the petitioner failed to present a claim in state court, a habeas court may deem that claim procedurally defaulted because the Ohio state courts would no longer entertain the claim. *Adams v. Bradshaw*, 484 F.Supp.2d 753, 769 (N.D. Ohio 2007) (citing *Buell*, 274 F.3d at 349).

The sole claim raised by Curry in this federal habeas petition is: "Whether a complete failure of full discovery denied petitioner a fair trial and prevented petitioner of control questioning of polygraph examination." (R. 4, § 12, PageID #: 54.) Curry's petition complains that he was never "issued 'full discovery' of the examinator's [*sic*] testing" and "was deprived of a fair and impartial trial when the polygraph examiner failed to respond to elicited relevant questions." *Id.* at 54, 67. But Curry did not raise this claim on his direct appeal, where he asserted through counsel three assignments of error: (1) ineffective assistance of trial counsel, (2) error by the trial court in allowing certain testimony from the victim, and (3) his convictions were against the manifest weight of the evidence and based on insufficient evidence. (R. 9-1, RX 9, PageID #: 137.) Curry's first claim on direct appeal asserted that trial counsel was ineffective for advising him to stipulate to a polygraph examination. (R. 9, RX 9, PageID #: 137, 145-147.) Curry, however, did not raise arguments concerning discovery issues or the examiner's trial testimony. *Id.*

7

In addition, the only claim that Curry appealed to the state supreme court was the claim of ineffective assistance of trial counsel — a claim that petitioner has not raised in the habeas petition. (R. 9, RX 13, PageID #: 237, 244-247.) It is apparent the present habeas claim concerning the discovery and testimony pertaining to the polygraph examination was not raised by Curry as a discrete claim in state court. Because a claim of ineffective assistance of counsel is analytically distinct from that of the underlying substantive claim, Curry did not exhaust his habeas claim in state court. *See, e.g., Norton v. Sloan*, No. 17-3214, 2017 WL 3912612, at *3 (6th Cir. Aug. 17, 2017), *cert. denied*, 138 S. Ct. 984 (2018); *White v. Mitchell*, 431 F.3d 517, 526 (6th Cir. 2005), *cert. denied,* 549 U.S. 1047 (2006).

The record reflects that Curry failed to properly exhaust this claim by raising it on direct appeal. Because the claim was not raised in the state court of appeals, it is barred by the Ohio rule of res judicata. *Lott v. Coyle*, 261 F.3d 594, 611-612 (6th Cir. 2001), *cert. denied*, 534 U.S. 1147 (2002); *Rust*, 17 F.3d at 160-161. The Ohio Supreme Court has ruled that arguments that could have been raised in an initial appeal (and were not) will be barred from consideration, under the doctrine of res judicata. *See, e.g., id.*; *Leroy v. Marshall*, 757 F.2d 94, 99 (6th Cir.), *cert. denied*, 474 U.S. 831 (1985); *Adams*, 484 F. Supp. 2d at 769; *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996) (syllabus); *State v. Perry*, 10 Ohio St.2d 175, 176, 226 N.E.2d 104, 105-106 (1967) (syllabus, ¶9). Consequently, Curry cannot return to state court to exhaust the claim.

Because state law no longer would permit Curry to raise this claim, it is defaulted. *See Williams*, 460 F.3d at 806; *Adams*, 484 F.Supp.2d at 769. "If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally

8

defaulted." *Williams*, 460 F.3d at 806 (citing *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982)). When state court remedies are no longer available to the petitioner, procedural default and not exhaustion bars habeas review. *Id.* Where the petitioner fails to demonstrate cause and prejudice to excuse the default, the claim is barred. *Id.* at 807.

Ineffective assistance of counsel can serve as cause to overcome procedural default. *Smith v. Ohio Dep't of Rehab. and Corr.*, 463 F.3d 426, 432 (6th Cir. 2006). Indeed, Curry's traverse argues a claim of ineffective assistance of counsel — a claim that is not raised in his federal habeas petition. *See* R. 10, PageID #: 840-842; R. 4, § 12, PageID #: 54. His traverse, however, does not argue ineffective assistance of counsel as cause for failing to raise in state court the the claim asserted in his habeas petition. *Id.* In any event, an ineffective assistance of counsel claim which could be asserted as cause for another procedurally defaulted federal claim, can itself be procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). A claim of ineffective assistance of counsel must be presented to the state courts as an independent claim before it may serve as a basis to establish cause for a procedural default. *Edwards*, 529 U.S. at 452; *Little v. Brunsman*, No. 1:12CV145, 2014 WL 4354547, at *30 (N.D. Ohio Sept. 2, 2014).

In addition, ineffective assistance of appellate counsel claims must be raised in a motion for reconsideration before the Ohio Court of Appeals. *Monzo v. Edwards*, 281 F.3d 568, 577 (6th Cir. 2002) (citing *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992)); Ohio App. R. 26(B). Such a motion must be filed in the court of appeals within 90 days of the appellate judgment. *State v. Lamar*, 102 Ohio St.3d 467, 468, 812 N.E.2d 970 (2004) (per curiam), *cert. denied*, 543 U.S. 1168 (2005); *State v. Reddick*, 72 Ohio St. 3d 88, 90, 647 N.E.2d

9

784, 786 (1995) (per curiam). Curry did not file such a motion and he cannot now rely on ineffective assistance of counsel as cause to excuse his defaulted habeas claim.

Therefore, because Curry failed to present his federal habeas claim in state court, and has not shown cause for his failure to do so, the claim has been procedurally defaulted. *Adams*, 484 F.Supp.2d at 769 (citing *Buell*, 274 F.3d at 349). The petition should be denied.

B. Petition for Post-Conviction Relief

Curry also filed an untimely petition for post-conviction relief on August 15, 2016, in which he attempted to raise part of his federal habeas claim, to wit: "Defendant was denied due process, by the State's failure to full disclose [sic], in violation [of] Cr.R. 16. State failed to provide all questions regarding the results of polygraph." (R. 9, RX 17, PageID #: 256.) The trial court denied the petition as untimely, pursuant to Ohio Revised Code sections 2953.21-.23, and barred by the doctrine of res judicata. (R. 9, RX 19, PageID # 293-295.) Curry failed to file a timely appeal that ruling. (*Id.;* RX 21, 22.)

As mentioned above, a habeas claim may be procedurally defaulted by failing to comply with state procedural rules. *Williams*, 460 F.3d at 806; *Maupin*, 785 F.2d at 138. A state judgment rests on independent and adequate state procedural grounds, barring federal habeas relief, when the prisoner failed to meet a state procedural requirement that resulted in a state court not addressing the underlying basis for a prisoner's federal claim. *Coleman*, 501 U.S. at 729-730; *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Morales v. Coyle*, 98 F.Supp.2d 849, 860 (N.D. Ohio 2000), *aff'd*, 507 F.3d 916 (6th Cir. 2007). When a state prisoner has procedurally defaulted his federal claims in state court, habeas review of those claims is barred "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged

10

violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Buell*, 274 F.3d at 348 (quoting *Coleman*, 501 U.S. at 750); *Davie v. Mitchell*, 324 F.Supp.2d 862, 870 (N.D. Ohio 2004), *aff'd*, 547 F.3d 297 (6th Cir. 2008), *cert. denied*, 558 U.S. 996 (2009).

The court considers the following four-part test, from *Buell*, to determine if a claim is procedurally defaulted:

> (1) the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) the court must determine whether the state courts actually enforced the state procedural sanction; (3) it must be decided whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim; and (4) if the court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Buell*, 274 F.3d at 348 (citing *Maupin*, 785 F.2d at 138); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001) (quoting *Maupin*).

Under Ohio law, the time period for filing a petition for post-conviction relief expires 365 days after "the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction…." Ohio Rev. Code § 2953.21(A)(2). If a post-conviction petition is filed beyond the 365-day time limitation, then unless an exception applies, Section 2953.23(A) precludes the trial court from entertaining the petition.[1] Ohio Rev. Code § 2953.23(A). Curry's petition for

---

[1] There are two exceptions contained within Ohio Revised Code sections 2953.23(A)(1) and (2), but it is apparent that neither exception applies to Petitioner's case. Under 2953.23(A)(1), the petitioner must show that the following two subsections apply: (a) "Either… petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or," "…the United States Supreme Court recognized a new federal or state

post-conviction relief was denied by the trial court as untimely filed. (R. 9, RX 19.) Ohio federal courts have found that Section 2953.21's timeliness requirements are an adequate and independent state law ground. *Nickleson v. Welch*, No. 3:09CV906, 2010 WL 5582881, at *4 (N.D. Ohio Oct. 14, 2010), *adopted by* 2011 WL 127409 (N.D. Ohio Jan. 14, 2011) (citing cases); *see also Davis v. Warden, Ohio Reformatory for Women*, No. 3:06CV357, 2009 WL 1162888, at *4 (S.D. Ohio Apr. 29, 2009); *Townsend v. Gansheimer*, No. 1:08CV1089, 2009 WL 589332, at *7 (N.D. Ohio Mar. 9, 2009) (citing cases).

In addition, Curry did not appeal this ruling to the court of appeals or the state supreme court. Therefore, Curry failed to exhaust this claim by presenting it to the state high court. *Rust*, 17 F.3d at 160 (citing *Manning*, 912 F.2d at 881); *Townsend*, 2009 WL 589332, at *7.

Moreover, the Ohio rule of res judicata bars claims for post-conviction relief that could have raised on direct appeal. *See, e.g.*, *State v. Lentz*, 70 Ohio St.3d 527, 639 N.E.2d 784 (1994) (syllabus); *Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (syllabus). The Supreme Court of Ohio, as noted above, will not consider a constitutional question that was not raised in the lower courts. *Leroy*, 757 F.2d at 99; *Adams*, 484 F.Supp.2d at 769. Curry can no longer raise this claim in state court, as it would be barred on the basis of res judicata. *Leroy*, 757 F.2d at 99.

The Ohio rule of res judicata satisfies the first three factors in *Maupin*. *Jacobs*, 265 F.3d at 417. The fourth factor is that the petitioner must demonstrate that there was cause for him not

---

right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right[;]" and (b) "The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted…." The second exception, under 2953.23(A)(2), relates to new DNA evidence, which too is not applicable here.
.

12

to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id.* Curry's traverse, as stated earlier, does not establish cause to excuse the procedural default. *See generally* R. 10. Therefore, the petition should be denied.

## IV. CONCLUSION

It is recommended that the petition be denied. The petition should not be granted because the sole ground raised in the petition has been procedurally defaulted.

s/ David A. Ruiz<br>
David A. Ruiz<br>
United States Magistrate Judge

Date: October 31, 2019

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72(a); LR 72.3(a). Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walter*s, 638 F.2d 947 (6th Cir. 1981).