UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Robert Curry,                                                               Case No. 3:17-cv-1441

                            Petitioner,

          v.                                                                MEMORANDUM OPINION
                                                                                    AND ORDER

Tim Shoop,[1] Warden,

                            Respondent.

## I.    INTRODUCTION

Petitioner Robert Curry has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C.

§ 2254, concerning his conviction on charges of rape and robbery in the Chillicothe County, Ohio

Court of Common Pleas.  (Doc. No. 4).  Magistrate Judge David A. Ruiz reviewed the petition as

well as the related briefing pursuant to Local Rule 72.2(b)(2) and recommends I deny the petition.

(Doc. No. 11).  Curry filed objections to Judge Ruiz's Report and Recommendation. (Doc. No. 14).

For the reasons stated below, I overrule Curry's objections and adopt Judge Ruiz's Report and

Recommendation.

## II.    BACKGROUND

On November 3, 2014, Curry was convicted after a bench trial in the Chillicothe County,

Ohio Court of Common Pleas.  In his objection, he raises a single issue: rather than the

recommended dismissal of his petition, he asks that his petition be dismissed without prejudice

---

[1] Curry currently is incarcerated at the Chillicothe Correctional Institution in Chillicothe, Ohio,
where Tim Shoop is the Warden.  *See* Fed. R. Civ. P. 25(d).

pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), so that he may exhaust his petition's unexhausted claims in the Ohio courts.  (Doc. No. 14).

### III.  STANDARD

Once a magistrate judge has filed a report and recommendation, a party to the litigation may "serve and file written objections" to the magistrate judge's proposed findings and recommendations, within 14 days of being served with a copy.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).  Written objections "provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately' . . . [and] 'to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute.'"  *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting U*nited States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981) and *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).  A district court must conduct a *de novo* review only of the portions of the magistrate judge's findings and recommendations to which a party has made a specific objection.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

### IV.  DISCUSSION

Curry's sole objection to the Report and Recommendation asks that his petition be dismissed without prejudice pursuant to *Rhines* rather than dismissed with prejudice as Judge Ruiz has recommended.  His request reflects a mistaken understanding of the procedural default rule in habeas cases.

The procedural default rule bars a federal habeas petitioner's claims if: (1) the state court declined to consider the merits of an issue because the habeas petitioner failed to comply with state procedural rules; or (2) if the petitioner failed to fully pursue a claim through the state's "ordinary appellate review procedures" and now no longer is able to raise the claim, unless the petitioner establishes cause for the default and resulting prejudice, or that a fundamental miscarriage of justice would occur if the claim is not reviewed.  *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006)

(quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 847-48 (1999)).

The Supreme Court in *Rhines* authorized district courts to stay or dismiss without prejudice, rather than deny, habeas petitions that contain unexhausted claims.  The Court's purpose in *Rhines* was to provide petitioners a way to avoid the passing of the one-year habeas filing limitation while the petitioner returns to state court to exhaust the petitioner's unexhausted claims.  544 U.S. at 275-76.  The availability of the *Rhines* stay procedure does not mean that all unexhausted claims qualify for that remedy.  Instead, the *Rhines* Court directed district courts that "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court."  *Id.*  The Court further instructed that "even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless."  *Id.* at 277.

Curry cannot meet the applicable standard for a *Rhines*-based stay.  He concedes that his habeas petition is untimely, and he has not provided any basis for finding good cause for that failure.  Moreover, the dismissal without prejudice that his objection seeks would be futile because his claims are procedurally defaulted.

Curry filed a petition for post-conviction relief pursuant to Ohio Rev. Code § 2953.21 in the trial court on August 15, 2016.  (Doc. No. 9-1 at 255-59).  By order of August 23, 2016, the trial court denied the petition, finding it untimely as a matter of Ohio law.  (*Id.* at 293-95).  Curry failed to file a timely appeal of that decision.

On October 17, 2016, Curry filed a motion with the Ohio Court of Appeals, seeking leave to file a delayed appeal of the denial of his petition.  (*Id.* at 312-16).  The Court of Appeals rejected that petition on December 12, 2016, on the ground that Ohio's appellate rule providing for delayed appeals does not apply to post-conviction proceedings.  (*Id.* at 319).

Curry's request for a *Rhines*-based stay also fails because any attempt to pursue further relief

from the Ohio Courts would not save his untimely habeas petition. With the passage of the

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress enacted a one-year

limitations period for federal habeas corpus petitions. 28 U.S.C. § 2244(d) (1996). Under the

AEDPA:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus
> by a person in custody pursuant to the judgment of a State court. The limitation period
> shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion
>> of direct review or the expiration of the time for seeking such review;
>
>> (B) the date on which the impediment to filing an application created by State
>> action in violation of the Constitution or laws of the United States is removed,
>> if the applicant was prevented from filing by such State action;
>
>> (C) the date on which the constitutional right asserted was initially recognized
>> by the Supreme Court, if the right has been newly recognized by the Supreme
>> Court and made retroactively applicable to cases on collateral review; or
>
>> (D) the date on which the factual predicate of the claim or claims presented
>> could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Curry does not contend that he falls within any of these provisions other than section (A).

His conviction became final on August 7, 2015, and he did not file a timely post-conviction motion.

(*See* Doc. No. 9-1 at 293). Therefore, his time to file a habeas petition expired one year from the

date his conviction became final: August 7, 2016. The Ohio Court of Appeals denied his motion for

leave to file a delayed appeal as in violation of Ohio's statutory post-conviction procedures. (*Id.* at

319). His motion, therefore, was not properly filed and it did not toll the passing of the AEDPA

one-year filing limitation pursuant to 28 U.S.C. § 2244(d)(2). *Allen v. Siebert*, 552 U.S. 3, 7 (2007).

"When a postconviction petition is untimely under state law, 'that [is] the end of the matter'

for purposes of § 2244(d)(2)." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005)). I am

bound by the Ohio courts' determination that the time for seeking state post-conviction relief under

Ohio law expired on August 7, 2016.  Curry filed his habeas petition on June 29, 2017, almost one year after his time to file a habeas petition had expired.  Thus, his habeas petition is untimely and must be denied.

## V.    CERTIFICATE OF APPEALABILITY

A habeas corpus petitioner is not entitled to a certificate of appealability as a matter of right but must make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The petitioner need not demonstrate he should prevail on the merits.  Rather, a petitioner must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  Curry's petition has not met this standard.

For the reasons set forth in this decision, I certify there is no basis on which to issue a certificate of appealability.  28 U.S.C. § 2253; Fed. R. App. P. 22(b).

## VI.    CONCLUSION

For the reasons stated above, I overrule Curry's objections, (Doc. No. 14), to Judge Ruiz's Report and Recommendation, (Doc. No. 11), and adopt the Report and Recommendation.  I conclude Curry's petition is barred by the procedural default rule.

I also conclude Curry fails to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(b)(2), and decline to issue a certificate of appealability.

So Ordered.

/s/ Jeffrey J. Helmick
United States District Judge